**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| BENJAMIN THURMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-01896 SPM |
| | ) | |
| RUG DOCTOR, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon self-represented Plaintiff Benjamin Thurman's application to proceed in district court without prepaying fees or costs. [ECF No. 2]. After reviewing Plaintiff's financial information, the Court finds that he is unable to pay the filing fee and will grant the motion. Additionally, for the reasons stated below, the Court will dismiss Plaintiff's claim as frivolous under 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The

-1-

court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

## Discussion

This is the seventh time Plaintiff has brought this employment discrimination case against his former employer, Rug Doctor. Five of Plaintiff's prior cases were brought in forma pauperis and were dismissed as frivolous under § 1915(e)(2)(B). *See Thurman v. Rug Doctor*, No. 4:23-cv-00659 SPM (E.D. Mo. Sept. 19, 2023) (*Thurman I*) (dismissing complaint as frivolous and for failure to state a claim upon which relief may be granted); *Thurman v. Rug Doctor*, No. 4:24-cv-00810 SPM (E.D. Mo. Jun. 13, 2024) (finding *Thurman I* dismissal has res judicata effect and dismissing complaint as frivolous); *Thurman v. Rug Doctor*, No. 4:24-cv-01199 SPM (E.D. Mo. Oct. 9, 2024) (dismissing complaint as frivolous and for failure to state a claim); *Thurman v. Rug Doctor*, No. 4:25-cv-0022 SPM (E.D. Mo. Jan. 16, 2025) (dismissing complaint as frivolous); and *Thurman v. Rug Doctor*, No. 4:25-cv-00808 SPM (E.D. Mo. June 4, 2025) (dismissing complaint as frivolous).[1]

A § 1915(e)(2) dismissal of a subsequent in forma pauperis complaint on res judicata grounds is proper if prior complaints were dismissed as frivolous. *See Vaughn v. Performance Labs, LLC*, No. 24-2920, 2024 WL 5265348 (8th Cir. Dec. 30, 2024) (citing *Waller v. Groose*, 38 F.3d 1007 (8th Cir. 1994)). This is the seventh time Plaintiff has brought this employment discrimination suit against defendant Rug Doctor alleging the same claims. Five of Plaintiff's

---

[1] Plaintiff's sixth case was dismissed on September 9, 2025, pursuant to the Eighth Circuit case of *Waller v. Groose,* 38 F.3d 1007 (8th Cir. 1994). *See Thurman v. Rug Doctor*, No. 4:25-cv-01341 HEA (E.D. Mo. Sept. 9, 2025).

prior cases were dismissed on initial review as frivolous. The prior dismissals of Plaintiff's five cases for frivolity under §1915(e)(2)(B) have res judicata effect on this newest in forma pauperis complaint. *Id.* Accordingly, the Court finds this seventh complaint is frivolous for purposes of §1915(e)(2)(B) review. It will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** as frivolous. *See* 28 U.S.C. §1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel is **DENIED as moot**. [ECF No. 3]

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 6th day of January, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE